# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY WEBSTER, | ) |
| Petitioner, | ) |
| v. | ) No. 4:05-CV-1007-HEA |
| AL LUEBBERS, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Terry Webster's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon review of the petition, the Court will not issue an order to show cause, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

### The petition

Petitioner, an inmate at Farmington Correctional Center, contends that he is entitled to jail-time credit of 685 days. On February 25, 1991, petitioner pleaded guilty to assault in the first degree, felonious restraint, two counts of armed criminal action and possession of a controlled substance. On or about December 5, 2001, petitioner filed a petition for declaratory judgment or, in the alternative, for a writ of habeas corpus in the Circuit Court in St. Francois County after the Department of Corrections ("DOC") recalculated his sentence. On February 28, 2002, the circuit court granted summary judgment in favor of the respondents. Petitioner appealed to the Missouri Court of Appeals, which, on May 20, 2003, affirmed in part and dismissed in part, holding that petitioner was not entitled to jail-time credit and that denial of the petition for a writ of habeas corpus

was not appealable. On July 24, 2003, the Court of Appeals denied petitioner's motion for rehearing and/or transfer to the Missouri Supreme Court.

Petitioner acknowledges that his judgment of conviction became final more than one year prior to the filing of the instant action. He claims that the one-year statute of limitations, as contained in 28 U.S.C. § 2244(d), does not bar his petition because he had no knowledge that the DOC's commitment that he would be credited his incarceration time of 685 days would be withdrawn. He states that he should be given the opportunity to develop the evidence necessary to establish that the grounds for relief were not "known to him."

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. The Missouri Court of Appeals affirmed the denial of petitioner's petition for declaratory judgment and dismissed his petition for a writ of habeas corpus on May 20, 2003. The Court of Appeals denied petitioner's motion for rehearing and/or transfer to the Missouri Supreme Court on July 24, 2003. The instant application for federal habeas corpus relief, however, was not filed until June 4, 2005, well beyond the one-year limitations period.

Petitioner's claim that the one-year limitations period should be tolled because the grounds for relief raised herein were not known to him is disingenuous. The DOC determined, in

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

2

August, 2001, that a calculation error had occurred and recalculated his release dates at that time. Petitioner raised this issue before both the St. Francois County Circuit Court and the Missouri Court of Appeals. Therefore, petitioner was well aware of the grounds for relief raised in the instant petition prior to the running of the one-year limitations period.

## Conclusion

The Court concludes that petitioner failed to file his application for a writ of habeas corpus within the one-year limitations period established by 28 U.S.C. § 2244(d)(1). The Court further concludes that petitioner failed to demonstrate any exceptional circumstances that would warrant equitable tolling of the limitations period. Accordingly, the Court will not issue an order to show cause, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to the respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**.

An appropriate order shall accompany this memorandum and order.

Dated this 25th day of July, 2005.

_____
**UNITED STATES DISTRICT JUDGE**